Mr. A Glenn Vasser, Attorney at Law McKenzie, McRae, Vasser Barber 122 East Second Street Post Office Box 599 Prescott, AR 71857-0599
Dear Mr. Vasser:
You have requested approval, pursuant to the Interlocal Cooperation Act, A.C.A. § 25-20-101 et seq., of a document captioned "Interlocal Cooperative Agreement for Resource Officer at School," which contains a proposed interlocal agreement between the City of Prescott Police Department and the Prescott School District, pursuant to which the school district would agree to pay the police department the annual sum of $21,394.40 in consideration of the police department's assigning a patrolman to serve as a school resource officer during school hours. See
Ark. Op. Att'y Gen. No. 2003-001 (generally discussing the law regarding the assignment of city police to serve as school resource officers). You are seeking approval of this proposed agreement pursuant to A.C.A. §25-20-104(f), which provides that I must approve any interlocal agreement to undertake a joint enterprise between or among "public agencies."
Although I appreciate your concern that the described agreement might be subject to my approval, on reflection, I do not believe my approval is required in this instance. As one of my predecessors noted in Ark. Op. Att'y Gen. No. 2000-236:
 The Interlocal Cooperation Act contemplates the joint exercise of governmental powers, privileges, or authority through cooperative action in order to make the most efficient use of those powers. See
Op. Att'y Gen. No. 1996-309. Attorney General approval of agreements for such joint exercise of governmental power is required. See A.C.A. § 25-20-105.
 Attorney General approval is not necessary, however, for contractual agreements between public agencies for services. (Agreements of this nature are authorized by A.C.A. § 25-20-108(a).) See Op. Att'y Gen. No. 96-309.
Both a school district and a police department qualify as "public agencies" as that term is defined at A.C.A. § 25-20-103. The document you have asked me to approve appears essentially contractual in nature, providing that the police department will patrol school property in exchange for the recited consideration. In my opinion, this document memorializes the sort of agreement described in A.C.A. § 25-20-108(a), which provides that the only requirement to enter into such a contract is authorization from "the governing body of each party to the contract." Accordingly, while I appreciate your caution in submitting the document for my review, I believe only the city council and the school district board of directors need approve the agreement.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB/JHD:cyh